IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-22881-CV-KING/DUBE

CHARLES C. STROMAN,

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and REMANDING TO THE COMMISSIONER

THIS CAUSE comes before the Court upon cross motions for Summary Judgment (DE # 20 & 21). The matter was referred to Magistrate Judge Robert L. Dube, who issued a Report and Recommendation (DE #22), recommending that Plaintiff's motion be denied and that Defendant's motion be granted. Plaintiff has filed Objections to the Report (DE #23).[1] After careful consideration, the court rejects Judge Dube's recommendation and finds that Plaintiff's Motion for Summary Judgment should be **GRANTED** and Defendant's Motion for Summary Judgment should be **DENIED.**

### I.    Background and Procedural History

Plaintiff, Charles C. Stroman, filed applications for disability insurance benefits and supplemental security income on or about August 14, 2004.  The Commissioner denied the claims initially and upon reconsideration.  Plaintiff then filed a Request for Hearing by an

_____

[1] Defendant has not filed a Response to Objections, and the time to do so has passed.

Administrative Law Judge (ALJ). Subsequently, the Commissioner reviewed the matter *sua sponte* and issued an informal remand order, finding that Plaintiff met the listing requirements for disability under Rule 14.08(C)(2), and remanding for a determination of when Plaintiff's disability began (R. 23).[2] Before such a determination was made, however, a hearing was held before ALJ Priscilla M. Rae. The ALJ denied Plaintiff's application for benefits, and the decision was upheld by the Appeals Council (R. 6). Thereafter, Plaintiff filed suit with this Court, seeking reversal of the decision (DE #1).

Plaintiff's medical history and the evidence produced at the hearing are sufficiently recounted in the ALJ's Report (R. 13-22) and Judge Dube's Report and Recommendation (DE #22), and are adopted by the Court to the extent that they do not conflict with what is set forth herein. The ALJ found that Plaintiff suffers from chronic obstructive pulmonary disease, HIV, osteoarthritis (right knee), depression, and status post prostate cancer, all of which are severe impairments under the Social Security Act. However, the ALJ determined that none of Plaintiff's impairments, either alone or in combination, met the listing criteria under 40 C.F.R. Part 404, Subpart P, Appendix 1, Rule 12.00, applicable to mental disorders. Moreover, the ALJ found that Plaintiff had a residual functioning capacity to perform a full range of medium work (R. 17). Specifically, the ALJ found that Plaintiff can lift and/or carry 50 pounds occasionally, and lift and/or carry 25 pounds frequently. The ALJ also found that Plaintiff is capable of sitting, standing, and/or walking for six hours out of an eight hour workday. Thus, the ALJ determined that Plaintiff could perform his past relevant work as a Park Maintenance Laborer, and therefore was not entitled to disability benefits.

---

[2] References to the record in this format ("R. __") refer to the stamped page numbers of the administrative record filed as Attachments 1 through 4 to Docket Entry #14.

## II.    Standard of Review

The Court's role in reviewing the ALJ's decision is to determine whether it was supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). Substantial evidence is less than a preponderance, but is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (quotations and citations omitted). Furthermore, "the reviewing court must be satisfied that the decision of the [Commissioner] is grounded in the proper application of the appropriate legal standards." *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Finally, the Commissioner's decision must be reversed if the ALJ fails to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III.   Discussion

Plaintiff makes five separate arguments for reversing the ALJ's decision. The Court determines that two of those arguments require reversal and remand, and therefore declines to address the remaining three arguments.

### A.    The ALJ Failed to Consider the Immune Systems Disorders Listing

Plaintiff's first argument is that the ALJ analyzed whether Plaintiff is disabled under 40 C.F.R. Part 404, Subpart P, Appendix 1, Rule 12.00 (mental disorders), but failed to conduct an analysis under 40 C.F.R. Part 404, Subpart P, Appendix 1, Rule 14.00 (immune system disorders). A review of the record reveals that Plaintiff is correct; the ALJ only analyzed

3

whether Plaintiff qualified under Rule 12.00 (R. 16), even though the Commissioner already found that Plaintiff qualified under Rule 14.00 and remanded for a determination of when the disability began (R. 23). Defendant offers no response to this argument, but Judge Dube, citing *Hutchinson v. Bowen*, 787 F.2d 1461 (11th Cir. 1986), determined that the ALJ's finding that Plaintiff did not qualify under Rule 14.00 could be inferred from the record. However, *Hutchinson* is inapposite. In *Hutchinson*, the plaintiff argued for remand of the Commissioner's decision because the ALJ conducted an analysis of steps one through three, but failed to mention steps four and five. *Id.* at 1463. The Eleventh Circuit disagreed, holding that the ALJ's decision under steps four and five could be fairly inferred from all the evidence in the record. Here, however, the ALJ failed to consider *at all* whether Plaintiff met the listing requirements under Rule 14.00, even though the Commissioner specifically found that he did. No inference can be drawn the ALJ's silence, as it provides the district court with nothing to review. Indeed, "failure to . . . provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46. For this reason, remand of the Commissioner's decision is required.

**B.     The ALJ Rejected the Treating Physician's Opinion Without Good Cause**

Plaintiff's second argument is that the ALJ improperly rejected the opinion of a treating physician.   Dr. Cheryl Holder, Plaintiff's treating physician, submitted an AIDS/HIV Questionnaire RFC and Listings Form (R. 443). She opined that Plaintiff's pain would often be severe enough to interfere with attention and concentration, that he had a moderate ability to deal with work stress, that he could walk only two city blocks without rest, that he could sit continuously for more than two hours but could stand for only thirty minutes at a time, that he would have to take unscheduled breaks every four hours with an hour's rest, that he could

4

occasionally lift up to twenty pounds but never over fifty, that he was significantly limited in doing repetitive reaching or handling/fingering, that he could bend or twist at the waist only 10% of the time, and that he would have to miss work more than three times per month.

Nevertheless, the ALJ rejected Dr. Holder's opinion, stating that "[h]er assessment is quite contradictory and contrary to the other objective medical evidence in the file," and that "Dr. Holder's treatment and progress notes do not support her assessment." (R. 21). The ALJ offered no other explanation and referred to no other evidence in rejecting Dr. Holder's opinion. "The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). *See also Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (quoting *Lewis*); *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) ("'The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.'"(quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986))). A similar preference for the opinions of treating doctors is found in the Commissioner's own regulations:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

Accordingly, "[t]he ALJ must *clearly articulate* the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440

(emphasis added).  The Eleventh Circuit has held that the "good cause" necessary to reject a treating doctor's opinion has been found in several instances, including when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips*, 357 F.3d at 1241.

Here, the ALJ did not clearly articulate the reasons for rejecting Dr. Holder's opinion. She noted that Dr. Holder's opinion was contrary to other medical evidence, but did not specify what that evidence was.  Similarly, she noted that Dr. Holder's opinion was inconsistent with her own treatment notes, but did not specify how that was the case.  In sum, although the ALJ uses the proper language that triggers the "good cause" exception, such conclusory statements are insufficient when rejecting a treating doctor's opinion, as they "provide the reviewing Court with little guidance in determining whether the findings are supported by substantial evidence." *Poplardo v. Astrue*, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand). *See also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, 5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

Despite the ALJ's failure to articulate reasons for rejecting Dr. Holder's opinion, Defendant in its Motion for Summary Judgment (DE #21) attempts to fill in the blanks for the ALJ.  Defendant points out that Dr. Holder noted that Plaintiff's prognosis was "good" and that she thought Plaintiff could engage in daily living activities such as basic hygiene and household chores.  Therefore, Defendant argues, the evidence used to reject Dr. Holder's opinion can be inferred from the record.  This argument fails for two reasons.  First, while it is incumbent upon

6

this Court to view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision to ascertain whether the ALJ's decision is based on substantial evidence, it is also important to refrain from re-weighing the evidence.  The Court's function is to ensure that the ALJ properly weighs all the evidence, not to substitute its judgment for that of the ALJ.  Second, even if this Court were to delve into the evidence, Dr. Holder's treatment notes simply do not contradict her opinion as to Plaintiff's working abilities.  The fact that Plaintiff has a "good" prognosis and the fact that he can perform household chores do not automatically mean that Dr. Holder's assessment of his working abilities was wrong. Performing household chores is very different from working eight hours per day in a labor-intensive job.  In fact, the Eleventh Circuit has taken note of this very issue. *Lewis*, 125 F.3d at 1441 ("Nor do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by Lewis's treating physicians.").  Thus, because the ALJ rejected the opinion of a treating physician without good cause, remand is required.

## IV.    Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1.    Magistrate Judge Robert L. Dube's Report and Recommendation (DE #22) is hereby **REJECTED.**

2.    Plaintiff's Motion for Summary Judgment (DE #20) is hereby **GRANTED.**

3.    Defendant's Motion for Summary Judgment (DE #21) is hereby **DENIED.**

4.    This case is hereby **REMANDED** to the Commissioner for proceedings consistent with this Order. Specifically, the Commissioner shall:

      a.      Conduct a proper analysis of Plaintiff's disability under the immune system disorders listing (Rule 14.00); and

      b.      Either give controlling weight to Dr. Cheryl Holder's opinion, or clearly articulate, citing specific medical evidence, the reasons for rejecting her opinion.

5.      The Clerk shall **CLOSE** this case.

      **DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 4th day of November, 2009.

                          JAMES LAWRENCE KING
                          UNITED STATES DISTRICT JUDGE

**Cc:**
**Magistrate Judge Robert L. Dube**

**Counsel for Plaintiff**
Elizabeth R. Read
Suite 410
1110 Brickell Avenue
Miami, FL 33131-3199
305-374-5699
Fax: 374-4886
Email: erread@bellsouth.net
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Defendant**
June C. Acton
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: june.acton@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED