UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22881-CIV-KING/DUBÉ

CHARLES C. STROMAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Petition for Attorney Fees and Costs filed by the Plaintiff (D.E. #27) pursuant to an Order of Reference entered by the Honorable James Lawrence King, United States District Judge. This Court has reviewed the motion, the response by the Government and the file in this cause.

On November 4, 2009, an Order was entered by Judge King rejecting a Report and Recommendation by this Court and reversing and remanding this cause for further proceedings. (D.E. #24).

The present motion seeks an award of fees and costs pursuant to the Equal Access to Justice Act. The motion indicates that 54.15 hours were spent on this case, at the rate of $173.39 per hour, for a total fee recovery sought of $9,389.07. The response by the Government raises no argument concerning the hourly rate but contends that the request for 54.15 hours of compensable time is excessive. In his reply, the Plaintiff is requesting an additional $520.17 for time expended to litigate the issue of attorney fees.

Initially, this Court finds that the hourly rate sought of $173.39 is supported and reasonable, and thus, will be applied by the Court. The issue remaining is whether the total number of hours sought for the challenged tasks are in fact reasonable.

A fee applicant must exercise "billing judgment" and cut the amount of hours sought by excluding those that are "excessive, redundant or otherwise unnecessary." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). This Court has reviewed the motion and the affidavit of counsel and finds that the Defendant's concerns, at least in part, are well taken and that a reduction in the total time sought is necessary for proper "billing judgment."

The Defendant objects to the 10.8 hours for review and analysis of the ALJ's decision and administrative record on June 11th and 12th, 2009, and the 19.2 hours sought for the research and writing of the Motion for Summary Judgment (as reflected in affidavit entries dated June 15, 2009 through June 17, 2009) as excessive. The Defendant points to an earlier order by this Court in Fernandez v. Astrue as supporting the requested reduction. However, the 29.1 hours sought in Fernandez involved only the research and writing of the Motion for Summary Judgment. Additionally, in Fernandez, the actual medical record consisted of under 170 pages, as opposed to the instant case where the medical record consisted of 329 pages. This Court finds that the request for 30.0 hours (10.8 hours plus 19.2 hours) is reasonable, and thus, should be awarded.

The Defendant also challenges the 15 hours spent on researching and drafting his objections to the Magistrate Judge's Report and Recommendation. On the other hand, the Plaintiff argues that 15 hours of researching and writing the Objections to the Report and Recommendation is reasonable considering the number of issues argued on appeal, the length of the Report and Recommendation and the necessity of presenting additional argument in support of his position. This Court disagrees

with the Plaintiff and notes that considering the fact that the Plaintiff was well versed with the issues in this case which were not particularly novel or complex, 15 hours for an objection of 13 pages[1] is excessive of what would be seen as reasonable and should be reduced to 8 hours.

Additionally, the Court agrees with the Defendant that the 4 hours sought for the preparation of the EAJA fee petition is in excess of what would be seen as reasonable and should be reduced to 2 hours. As previously stated, in his reply, the Plaintiff seeks an additional amount of $520.17 for time expended on litigating the issue of attorney's fees. However, this Court finds that the amount sought to draft a 6 page reply is excessive and recommends that this task be reduced to 1 hour ($173.39).

Accordingly, it is the recommendation of this Court that the Plaintiff's Petition for Attorney Fees and Costs (D.E. #27) be **GRANTED in part** and that the Plaintiff should be entitled to recover for **46.15** hours of work performed in this case (**54.15 hours sought** minus **9 hours** plus **1 hour** for the 6 page reply) at the rate of $173.39 per hour, resulting in a total recovery of **$8,001.95** as attorney fees.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

---

[1] Excluding the signature page and service list. (D.E. #23).

**DONE AND ORDERED** this __16__ day of February, 2010.

                                        ROBERT L. DUBÉ
                                        UNITED STATES MAGISTRATE JUDGE

4